Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Theodore Gabriel Martinez**
**Kimberly Lynn Martinez**
   Debtor(s)

Bankruptcy Case No.: 19–24273–TPA
Per May 7, 2020 proceeding
Chapter: 13
Docket No.: 44 – 28, 31
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated January 14, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $2801.00 as of May 2020. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H.   Additional Terms: A fee application is due if any fee, including retainer, exceeds $4,000, including any fees paid to prior counsel.

    Clearview FCU, Cl 4–2, shall govern as to amount paid at plan terms with payment determined by trustee to pay in full.

    Clearview FCU claims 5 and 6 will govern as to amount at plan terms with payment to be determined by trustee.

Toyota Motor Credit, Claim 1, will govern as to amount paid at the terms of the plan.

Dollar Bank FSB, Claim 7, will be paid $20236.14 at 2.99 percent with payment determined by trustee and a non interest bearing portion of $51.99 and on going escrow payment of $34.37.

Quantum 3 Group LLC, Claim 8, will be treated as a general unsecured creditor.

*(2.)   **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.      Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.      Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.      Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.      Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.      Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: May 21, 2020

Thomas P. Agresti, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 19-24273-TPA
Theodore Gabriel Martinez                                             Chapter 13
Kimberly Lynn Martinez
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: lmar                Page 1 of 2              Date Rcvd: May 21, 2020
                              Form ID: 149              Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 23, 2020.
db/jdb         +Theodore Gabriel Martinez,    Kimberly Lynn Martinez,    760 Addison Street,
                 Washington, PA 15301-5604
15150432        Clearview Federal Credit Union,    Attn: Bankruptcy,    1453 Beers School Road,
                 Coraopolis, PA 15108
15150433        Clearview Federal Cu,    1453 Beers School,    Coraopolis, PA 15108
15150435       +Deptartment Store National Bank/Macy's,    Attn: Bankruptcy,    9111 Duke Boulevard,
                 Mason, OH 45040-8999
15150436        Dollar Bank,    3 Gateway Center,    Pittsburgh, PA 15222
15161579        Dollar Bank, FSB,    Three Gateway Center,    Pittsburgh, PA  15222
15210143        Dollar Bank, FSB,    c/o Elizabeth L. Slaby, Esquire,    Grenen & Birsic, PC,
                 One Gateway Center, 9th Floor,    Pittsburgh, PA  15222
15161580        Dollar Bank, FSB,    c/o David W. Raphael, Esquire,    Grenen & Birsic, PC,
                 One Gateway Center, 9th Floor,    Pittsburgh, PA  15222
15166775       +Dollar Bank, FSB,    300 West Tuscarawas Street,    Canton, PA 44702-1911
15150437       +Dollar Bk Vs,    2700 Liberty Ave,    Pittsburgh, PA 15222-4700
15150438       +Jared,    P.O.  Box 659704,    San Antonio, TX 78265-9704
15150441      ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court:   Toyota Financial Services,     Attn: Bankruptcy Dept,    Po Box 8026,
                 Cedar Rapids, IA 52409)
15157794       +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
15150442       +USDOE/GLELSI,    Attn: Bankruptcy,    Po Box 7860,    Madison, WI 53707-7860

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 22 2020 08:43:36
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15150439        E-mail/Text: Bankruptcy.RI@Citizensbank.com May 22 2020 02:33:04     RBS Citizens Cc,
                 1 Citizens Dr.,    Ms: Rop 15b,    Riverside, RI 02915
15163743        E-mail/Text: Bankruptcy.RI@Citizensbank.com May 22 2020 02:33:04     Citizens Bank N.A.,
                 One Citizens Bank Way,    JCA115,    Johnston, RI 02919
15164984       +E-mail/Text: bankruptcy@clearviewfcu.org May 22 2020 02:33:10     Clearview FCU,
                 8805 University Blvd.,    Moon Township  PA 15108-4212
15179691        E-mail/Text: bnc-quantum@quantum3group.com May 22 2020 02:33:06
                 Department Stores National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
                 Kirkland, WA  98083-0657
15150434       +E-mail/Text: electronicbkydocs@nelnet.net May 22 2020 02:33:10
                 Department of Education/Nelnet,    Attn: Claims,    Po Box 82505,    Lincoln, NE 68501-2505
15235379       +E-mail/Text: electronicbkydocs@nelnet.net May 22 2020 02:33:10
                 Department of Education/Nelnet,    Attn:  Claims,    P.O. Box 82505,    Linclon, NE 68501-2505
15181013        E-mail/Text: JCAP_BNC_Notices@jcap.com May 22 2020 02:33:11     Jefferson Capital Systems LLC,
                 Po Box 7999,    Saint Cloud Mn 56302-9617
15177539        E-mail/Text: bnc-quantum@quantum3group.com May 22 2020 02:33:07
                 Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA  98083-0788
15151245       +E-mail/PDF: gecsedi@recoverycorp.com May 22 2020 02:35:43     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15150440       +E-mail/PDF: gecsedi@recoverycorp.com May 22 2020 02:35:21     Synchrony Bank/Lowes,
                 Attn:  Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
                                                                                                 TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Toyota Motor Credit Corporation
cr*             Dollar Bank, FSB,    Three Gateway Center,    Pittsburgh, PA  15222
                                                                                   TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 23, 2020                          Signature:   /s/Joseph Speetjens

```
District/off: 0315-2              User: lmar                  Page 2 of 2            Date Rcvd: May 21, 2020
                                  Form ID: 149                Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 21, 2020 at the address(es) listed below:
              Beth L. Slaby    on behalf of Creditor    Dollar Bank, FSB bslaby@grenenbirsic.com,
               mcupec@grenenbirsic.com
              David A. Rice    on behalf of Joint Debtor Kimberly Lynn Martinez ricelaw1@verizon.net,
               lowdenscott@gmail.com
              David A. Rice    on behalf of Debtor Theodore Gabriel Martinez ricelaw1@verizon.net,
               lowdenscott@gmail.com
              David W. Raphael    on behalf of Creditor    Dollar Bank, FSB raphaeld@fnb-corp.com
              James  Warmbrodt    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Scott R. Lowden    on behalf of Joint Debtor Kimberly Lynn Martinez niclowlgl@comcast.net
              Scott R. Lowden    on behalf of Debtor Theodore Gabriel Martinez niclowlgl@comcast.net
                                                                                             TOTAL: 9
```